THE CANISTEO CORPORATION v. G. HOWARD SPAETH.[1]

October 31, 1941.

No. 32,910.

---

[1]Reported in 300 N. W. 596.

*J. A. A. Burnquist,* Attorney General, and *P. F. Sherman,* Assistant Attorney General, for relator.

*Best, Flanagan & Rogers* and *Ward B. Lewis,* for respondent.

*Kingman, Cross, Morley, Cant & Taylor, amici curiae,* filed a brief in support of the contention of respondent.

STONE, JUSTICE.

*Certiorari* to the board of tax appeals to review its decision that respondent was not .liable to taxation in respect to certain of its income for 1935.

Respondent is a Delaware corporation, admitted to this state under applicable statute. So far as the record discloses, it is not so admitted in any other state. It has a statutory office in Delaware, where it transacts no business except such as may be necessary to comply with Delaware law for the purpose of continuing its right to exist and function as a Delaware corporation. It has not been admitted to do business in the state of New York. It is a holding company, its only business being the purchase, management, and sale of securities for the stockholders, who are all members of "the Winton family." Its only profit is derived from the income on its securities and net gain in the sale thereof from time to time.

During 1935, the year in question, it had engaged the service of an investment concern in New York to act exclusively as an agent under the direction of the respondent's directors. The securities from which the presently involved income was derived were during all of that year, we assume, in the physical possession of the New York agent as the custodian thereof.

The board of tax appeals held that during 1935 respondent was doing a local business in Minnesota. We cannot see error in that respect. Respondent was doing business, much important business, that is admitted. Its only business home was here in Minnesota, where it maintained and paid the expense of an office in

Minneapolis and where was employed the clerical and other assistance necessary to maintain its supervisory and accounting systems, except for such of that work as was done by the New York agent. The corporation, as already stated, did no business in Delaware. Such business as it had in New York was transacted by its agent there. Its directors' meetings appear to have been held wherever convenience of the moment dictated. But the Minneapolis office remained all through the one business headquarters of the company.

The main and most controverted question is whether the income in question is to be used at all in measuring respondent's state income tax for 1935. The point for respondent is that it was not "domiciled" in Minnesota and therefore not taxable in respect to the involved income. Its argument is based upon § 23(b) of the state income tax law, L. 1933, c. 405, § 23(b), Mason St. 1940 Supp. § 2394-23(b). Under that section, "income or gains from intangible personal property not employed in the business of the recipient * * * and from intangible personal property employed in the business of such recipient if such business consists principally of the holding of such property and the collection of the income and gains therefrom, wherever held and whether in trust or otherwise, shall be assigned to this state if the recipient thereof is domiciled within this state."

The argument for respondent is entirely correct, that in a technical sense a corporation cannot be domiciled elsewhere than in the state of its incorporation. Restatement, Conflict of Laws, § 41. That is true, and we would give to the word "domiciled," as used in § 23(b), its narrow, technical significance if we did not think that, too plainly for any other interpretation, the legislature has included any foreign corporation duly admitted to do business in this state. That purpose is manifested by § 2 of the law, which, during the determinative period, read thus:[2]

_____
[2]It has since been modified. Ex. Sess. L. 1937, c. 49, § 2 (Mason St. 1940 Supp. § 2394-2).

"There is hereby imposed on every domestic and foreign corporation an annual tax for the privilege of existing as a corporation or of transacting any local business within this state during any part of its taxable year, measured by its taxable net income for such year, computed in the manner and at the rates hereinafter provided."

So the tax on respondent is an income tax only in the sense that it is measured by income. It is essentially an excise tax on the privilege of being here for the transaction of business.

Section 2, read together with the whole of the act, particularly § 23(b), indicates that when in the latter the word "domiciled" was used the intent was to include foreign corporations legally doing business here under local law. Any other construction would produce not only irreconcilable conflict between the two sections but also, and in large measure, would defeat a plainly declared purpose of the law.

In holding that for income tax purposes respondent was not domiciled in Minnesota during the year in question, the board of tax appeals was in error, and in consequence its order must be reversed.

So ordered.